UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEREK OSEI-ASSIBEY,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>THE STOP & SHOP SUPERMARKET COMPANY LLC,<br><br>　　　　　　　　Defendant. | CIVIL ACTION NO.: 20-cv-1911<br><br><br><br><br><br>DECEMBER 23, 2020 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Stop & Shop Supermarket Company LLC ("Stop & Shop" or "Defendant") hereby removes this action from the Superior Court of Connecticut, Judicial District of Hartford at Hartford, to the United States District Court for the District of Connecticut.  The District Court has jurisdiction on the basis of diversity of citizenship.  In support of this Notice of Removal, Defendant states the following.

**Procedural History and Plaintiff's Allegations**

1.　　On November 30, 2020, Defendant first received a copy of a summons and complaint styled *Derek Osei-Assibey v. The Stop & Shop Supermarket Company LLC* to be filed in the Superior Court of Connecticut, Judicial District of Hartford at Hartford (the "Complaint").

2.　　The Complaint was returned to state court on December 4, 2020 under Docket Number HHD-CV20-6135731-S.

3.　　Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached hereto as Exhibit A.

4.      The Complaint alleges counts of disability discrimination/perceived disability discrimination and failure to accommodate in violation of Conn. Gen. Stat. §46a-60(b)(1), and retaliation in violation of  Conn. Gen. Stat. §46a-60(b)(1) arising from Plaintiff's employment with Defendant and the termination of that employment.  *See* Ex. A, Compl.

**Grounds for Removal**

5.      Pursuant to 28 U.S.C. § 1332, the District Court has jurisdiction on the basis of diversity of citizenship because the dispute is between the Plaintiff, a citizen of the state of Connecticut, and Defendant, a citizen of Maryland and Massachusetts, and the amount in controversy exceeds $75,000.

6.      Plaintiff is domiciled in the state of Connecticut with a residence located in the Town of Windsor. *See* Ex. A, Summons; Compl. ¶ 1.

7.      Defendant is a limited liability company whose sole member is Ahold U.S.A., Inc.  Ahold U.S.A., Inc. is a Maryland corporation with a principal place of business in Massachusetts located at 1385 Hancock St., Quincy, MA 02169.

8.      The Complaint alleges damages in excess of the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a).  *See* Ex. A, Count One, ¶ 43; Count Two ¶ 46 (alleging that Plaintiff "has suffered and will continue to suffer lost wages and fringe benefits, as well as other consequential losses and damages"); *Id.,* Count One, ¶ 44; Count Two, ¶ 47 (alleging that Plaintiff "has expended attorney's fees and costs"); *Id.,* Count One, ¶ 45; Count Two, ¶ 48 (alleging that Plaintiff "has suffered and will continue to suffer in the future considerable emotional and psychological pain and suffering").  Plaintiff seeks in his Prayer for Relief: (1) monetary damages; (2) back pay; (3) reinstatement of employment or front pay; (4) punitive damages; (5) compensatory damages; (6) reasonable attorney's fees and costs; (7) liquidated

damages; and (8) such other relief the Court deems just and reasonable. *See* Ex. A. Defendant meets its burden of establishing the amount in controversy by relying on Plaintiff's Complaint. *See, e.g.*, *Scherer v. Equitable Life Assur. Soc'y of the United States*, 347 F.3d 394, 397 (2d Cir. 2003); *Doctor's Assocs., Inc. v. Rahimzadeh*, No. 3:17-CV-2126, 2018 WL 1704757, at \*3 (D. Conn. Apr. 9, 2018).

9.      Removal to this Court is appropriate pursuant to 28 U.S.C. § 1441(a) because the action was commenced in the Judicial District of Hartford, which is located within the geographical boundaries of the United States District Court for the District of Connecticut.

**The Procedural Requirements for Removal Have Been Satisfied**

10.      A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" regardless of when Plaintiff files a return of service. 28 U.S.C. § 1446(b)(1).

11.      Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is being filed within thirty (30) days after Defendant first received the initial pleading on November 30, 2020.

12.      Pursuant to 28 U.S.C. § 1446(b)(2), Defendant is the only defendant named in the Complaint; no additional consents of other defendants are required.

13.      Defendant will contemporaneously file a Statement detailing the service and citizenship of each party, as required by this Court's Standing Order on Removed Cases.

14.      After filing this Notice of Removal, Defendant promptly will serve this Notice of Removal on counsel for all adverse parties.

15.   After filing this Notice of Removal, Defendant promptly will file a Notice to State Court of Removal to Federal Court with the Superior Court of Connecticut, Judicial District of Hartford.  A copy of the Notice to State Court of Removal to Federal Court that Defendant intends to file is attached hereto as Exhibit B.

**<u>Non-Waiver of Defenses</u>**

16.   By removing this action from state court, Defendant does not waive any available defenses.

17.   By removing this action from state court, Defendant does not admit any of the allegations in the Complaint.

WHEREFORE, Defendant hereby removes the litigation styled *Derek Osei-Assibey v. The Stop & Shop Supermarket Company LLC*, filed in the Superior Court of Connecticut, Judicial District of Hartford at Hartford under Docket Number HHD-CV20-6135731-S, to the United States District Court for the District of Connecticut, and respectfully requests that this District Court assume exclusive jurisdiction of this action, entering such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

DEFENDANT THE STOP & SHOP
SUPERMARKET COMPANY LLC

   /s/ James M. Leva
Glenn W. Dowd (ct12847)
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103-3499
Tel: (860) 275-0100
Fax: (860) 275-0343
gwdowd@daypitney.com

James M. Leva (ct28928)
Day Pitney LLP
One Jefferson Road
Parsippany, NJ 07054
(973) 966-8416 (phone)
(973) 273-4595 (fax)
jleva@daypitney.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, a copy of foregoing was filed and served electronically

upon the persons listed below.  Parties may access this filing through the Court's CM/ECF

System.

Emanuele R. Cicchiello, Esq.
Cicchiello & Cicchiello LLP
364 Franklin Avenue
Hartford, CT 06114
manny@cicchielloesq.com

_____/s/ James M. Leva_____

# Exhibit A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 22367265**
**Date Processed: 12/01/2020**

| | |
|---|---|
| **Primary Contact:** | Nykema Alexander ( Ahold USA)<br>Delhaize America<br>2110 Executive Dr<br>Salisbury, NC 28147-9007 |
| **Electronic copy provided to:** | Susan DiPietro<br>Sandy Carter (Ahold USA)<br>Wendy Higdon (Ahold USA) |

| | |
|---|---|
| **Entity:** | The Stop & Shop Supermarket Company LLC<br>Entity ID Number  2114714 |
| **Entity Served:** | The Stop & Shop Supermarket Company, LLC |
| **Title of Action:** | Derek Osei-Assibey vs. The Stop & Shop Supermarket Company, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Hartford County Superior Court, CT |
| **Case/Reference No:** | Not Shown |
| **Jurisdiction Served:** | Connecticut |
| **Date Served on CSC:** | 11/30/2020 |
| **Answer or Appearance Due:** | 12/15/2020 |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Emanuele R. Cicchiello<br>860-296-3457 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUMMONS - CIVIL**
JD-CV-1  Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

**See other side for instructions**

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 95 Washington Street, Hartford CT 06106 | ( 860 )548-2700 | DECEMBER  15, 2020<br>Month   Day   Year |

| ☒ Judicial District    ☐ G.A.<br>☐ Housing Session      Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349)<br>Hartford | Case type code *(See list on page 2)*<br>Major: **M**    Minor: **90** |
|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>Emanuele R. Cicchiello, Esq., Cicchiello & Cicchiello, LLP, 364 Franklin Ave., Hartford, CT 06114 | Juris number *(to be entered by attorney only)*<br>419987 |
|---|---|

| Telephone number *(with area code)*<br>( 860 ) 296-3457 | Signature of Plaintiff *(If self-represented)* |
|---|---|

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes  ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)*<br>manny@cicchielloesq.com |
|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name:  **Derek Osei-Assibey**<br>Address: 526 Rainbow Road, Windsor, CT 06095 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: The Stop & Shop Supermarket Company, LLC, 1385 Hancock St., Quincy, MA 02169<br>Address: Agent for Service - Corporation Service Company, 100 Pearl Street, 17th Floor, Mc-CSC1, Hartford, CT 06103 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.

2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.

3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."

4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."

5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Emanuele R. Cicchiello, Esq. | Date signed<br>11/20/2020 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date<br>A TRUE COPY ATTEST<br>KEITH B. PIZIANKIEWICZ<br>CONNECTICUT STATE MARSHAL<br>INDIFFERENT PERSON |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. *Type or print legibly; sign summons.*
2. *Prepare or photocopy a summons for each defendant.*
3. *Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.*
4. *After service has been made by a proper officer, file original papers and officer's return with the clerk of court.*
5. *Do not use this form for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, paternity, and visitation matters).*
   (b) *Summary process actions.*
   (c) *Applications for change of name.*

   (d) *Probate appeals.*
   (e) *Administrative appeals.*
   (f) *Proceedings pertaining to arbitration.*
   (g) *Any actions or proceedings in which an attachment, garnishment or replevy is sought.*

---

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

---

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description | Major Description | Codes Major/Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 10 | Construction - State and Local | | T 03 | Defective Premises - Private - Other |
| | C 20 | Insurance Policy | | T 11 | Defective Premises - Public - Snow or Ice |
| | C 30 | Specific Performance | | T 12 | Defective Premises - Public - Other |
| | C 40 | Collections | | T 20 | Products Liability - Other than Vehicular |
| | C 90 | All other | | T 28 | Malpractice - Medical |
| Eminent Domain | E 00 | State Highway Condemnation | | T 29 | Malpractice - Legal |
| | E 10 | Redevelopment Condemnation | | T 30 | Malpractice - All other |
| | E 20 | Other State or Municipal Agencies | | T 40 | Assault and Battery |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 50 | Defamation |
| | E 90 | All other | | T 61 | Animals - Dog |
| | | | | T 69 | Animals - Other |
| Miscellaneous | M 00 | Injunction | | T 70 | False Arrest |
| | M 10 | Receivership | | T 71 | Fire Damage |
| | M 20 | Mandamus | | T 90 | All other |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 40 | Arbitration | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 50 | Declaratory Judgment | | V 05 | Motor Vehicles* - Property Damage only |
| | M 63 | Bar Discipline | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 09 | Motor Vehicle* - All other |
| | M 68 | Bar Discipline - Inactive Status | | V 10 | Boats |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | V 20 | Airplanes |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | V 30 | Railroads |
| | M 83 | Small Claims Transfer to Regular Docket | | V 40 | Snowmobiles |
| | M 84 | Foreign Protective Order | | V 90 | All other |
| | M 90 | All other | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Property | P 00 | Foreclosure | | | |
| | P 10 | Partition | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien | | W 90 | All other |
| | P 30 | Asset Forfeiture | | | |
| | P 90 | All other | | | |

| RETURN DATE: | DECEMBER 15, 2020 | : | SUPERIOR COURT |
|---|---|---|---|
| | | : | |
| DEREK OSEI-ASSIBEY | | : | J.D. OF HARTFORD |
| | | : | |
| VS. | | : | AT HARTFORD |
| | | : | |
| THE STOP & SHOP SUPERMARKET | | : | |
| COMPANY, LLC | | : | NOVEMBER 20, 2020 |

## COMPLAINT

**COUNT ONE:**     **Disability Discrimination / Perceived Disability Discrimination / Failure to Accommodate in Violation of CGS Section 46a-60(b)(1)**

1.      At all times mentioned herein, the plaintiff, Derek Osei-Assibey was and is a resident of the Town of Windsor, State of Connecticut.

2.      The Defendant in this matter is Stop & Shop Supermarket, LLC, ("Defendant" or "Defendant Company"), organized under the laws of the State of Massachusetts, with a local business address of 597 Farmington Avenue in Bristol, Connecticut.

3.      Plaintiff filed an administrative complaint with the Commission on Human Rights and Opportunities on or about June 11, 2020. Plaintiff received a Release of Jurisdiction letter dated November 3, 2020.  This complaint is brought within ninety days (90) of the Release of Jurisdiction letter, which is attached hereto as **Exhibit A**.

4.      Plaintiff was hired by the Defendant on or about October 17, 2016, as a customer service manager.

5.      Plaintiff was assigned to work in different locations, including but not limited to Store 642 in Forestville, CT, Store 684 in Southington, CT, Store 2613 in Newington, CT, Store 645 in New Britain, CT, and Store 628 in Bristol, CT.

1

6.      As a customer service representative Plaintiff had authority to interview and hire employees.

7.      By all accounts the Plaintiff was a good employee who executed his duties satisfactorily.

8.      During Plaintiff's employment he developed a medical condition known as sleep apnea.

9.      In or around the end of Summer 2018, Defendant employees went on strike and the Defendant mandated that all members of management work 12 hours per day, 6 days a week.

10.     On or about April 21, 2019, Plaintiff presented a doctor's note to the store manager stating that he could only work 8 hours per day and no more than 5 days per week due to his medical condition until further notice.

11.     After Plaintiff provided his doctor's note to Rob Moritko ("Moritko") in human resources, Moritko pressured plaintiff to provide a timeline of when he would return to his regular work schedule, otherwise defendant could not accommodate him.

12.     Moritko sent an email to plaintiff stating that it could only accommodate the plaintiff if plaintiff provided Defendant with a timeline of when plaintiff could return to full time.

13.     Moritko was upset about having to provide a medical accommodation to the Plaintiff and because plaintiff suffered from a medical condition.

14.     Around that time, defendant company transferred the plaintiff to the Bristol store such that he could work the reduced hours.

15.     On or about May 21, 2019, Plaintiff provided another doctor's note to defendant management and human resources stating he could return to his regular work schedule.

16.     As of this date, the strike was over, and Defendant no longer required management members to work 12-hour shifts.

2

17.     Due to the Plaintiff's ongoing health condition, on or about July 3, 2019, plaintiff's physician again ordered that the plaintiff maintain workplace restrictions of no working more than 5 days per week and no more than 10 hours per day.

18.     As a result, on July 3, 2019, plaintiff provided defendant management with the doctor's note seeking accommodation to work 5 days per week and no more than 10 hours day.

19.     Defendant company desired plaintiff to work 6 days per week and informed him of that. Specifically, defendant stated that they required that he work six days a week.

20.     In or about August of 2019, the Plaintiff was medically only able to work 5 days per week. Plaintiff provided defendant with medical documentation supporting said workplace restrictions. As a result, defendant transferred plaintiff to store number 628 in Bristol, Connecticut.

21.     Plaintiff was assigned to 5 days per week in accordance with his doctor's note while working Bristol.

22.     After being transferred to Bristol, Plaintiff was questioned several times by Moritko when he planned to return back to his regular schedule of 6 days per week.

23.     On several occasions, Moritko told Plaintiff that the Defendant was not going to be able to accommodate his medical condition until the plaintiff gave him a timeline as to when Plaintiff could return to a regular work schedule.

24.     On several occasions, Moritko asked the Plaintiff how his medical condition affected his job performance and duties.

25.     Plaintiff informed Moritko that he did not know when would be able to return to his regular schedule due to his medical condition, and that it was up to his doctor.

3

26.     During or around the same time in 2019, while Plaintiff was employment at the Britsol store, plaintiff interviewed and hired a female who was pregnant.

27.     After the hire, when the store manager, Marshiella, learned about the new hire and that she was pregnant, Marshiella asked the Plaintiff: "Why did you hire a pregnant woman, didn't you know she was pregnant?" To which the Plaintiff responded that it was illegal not hire someone because they are pregnant if qualified for the position.

28.     On Friday, December 20, 2019, Plaintiff passed out while working the closing night shift. Paramedics were called to assist with Plaintiff, and he followed up with his primary care physician for high blood pressure and chest pain medication.

29.     Thereafter, Plaintiff gave the Defendant a doctor's note stating he was to remain out of work through December 30, 2019, due to his medical condition and having passed out.

30.     Plaintiff returned to work after December 30, 2019.

31.     Around that same time, Plaintiff reported to management trainee, LaKeisha Garry, about preferential treatment by Store Manager, Marshiella. Namely, that Marshiella provided preferential treatment to female employees over the plaintiff.

32.     Thereafter, Julio Colon, Defendant HR manager, approached the plaintiff and accused plaintiff of using foul language while meeting with Ms. Garry.

33.     In that same conversation, Plaintiff also reported that Marshiella became upset with the plaintiff because plaintiff hired a pregnant employee.

34.     Plaintiff complained to Mr. Colon, Defendant HR, about Marshiella's discriminatory actions and that she pressured the plaintiff and became upset with the plaintiff for hiring a pregnant

4

employee.  Plaintiff also informed Mr. Colon that he stood up against Marshiella and stated that such conduct was discriminatory and illegal.

35.     Human Resources, Julio Colon, assured Plaintiff that he was going to investigate. Plaintiff raised question about retaliation in which Human Resource, Julio Colon, assured him that there wasn't going to be retaliation about Store Manager's conduct.

36.     On March 20, 2020, the Plaintiff attended a meeting with Bryan Betish and Julio Colon. In this meeting Plaintiff was accused of trying to frame the Store Manager, Marshiella.  Defendant disciplined the plaintiff as a result.

37.     In response Plaintiff stated to Betish and Colon that he disagreed with the claim and discipline issued to him.  Plaintiff was instructed to go home.

38.     On March 31, 2020, Plaintiff was contacted by telephone by Brian Betish and Human Resources Manager, Julio Colon, and his employment was terminated.

39.     Defendant management stated that the reason for the plaintiff's termination was unprofessional conduct in the workplace.  Plaintiff questioned management and requested further explanation or examples of the unprofessional conduct.

40.     Plaintiff was informed by Brian Betish that defendant was going to send a letter explaining the claim of unprofessional conduct.

41.     Thereafter defendant sent plaintiff a termination letter dated April 1, 2020.  Said letter failed to provide any explanation for the plaintiff's termination or claim of unprofessional conduct.

42.     The Defendant, through its agents, servants and / or employees, subjected the Plaintiff to discrimination in the terms and conditions of his employment, failed to accommodate the plaintiff, and ultimately terminated the plaintiff's employment because of his disability or perceived disability.

5

43.    As a result of the foregoing unlawful conduct of the Defendant, through its agents, servants and or employees, the Plaintiff has suffered, and will continue to suffer, lost wages and fringe benefits, as well as other consequential losses and damages.

44.    As a further result of the foregoing unlawful conduct of the Defendant, through its agents, servants and or employees, the Plaintiff has expended attorney's fees and costs in order to secure the right to which he is entitled.

45.    As a further result of the foregoing unlawful conduct of the Defendant, through its agents, servants and or employees, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT TWO:   Retaliation pursuant to CGS Section 46a-60(b)(4)**

1.    The plaintiff repeats and re-alleges paragraphs 1 through 41 above as paragraphs 1 through 41 of this Second Count as if fully restated herein.

42.    The plaintiff engaged in protected employment activity in opposing discriminatory conduct of the defendant company.

43.    Management of the defendant company expressed displeasure towards the plaintiff because the plaintiff hired a pregnant employee.

44.    Plaintiff complained of this and reported this to management and that such conduct and animus was discriminatory and illegal.

45.    The plaintiff suffered adverse employment action as a result, in that he was targeted and terminated as a result, and fired under the pretext that he was unprofessional at work.

46.    As a result of the foregoing unlawful conduct of the Defendant, through its agents, servants and or employees, the Plaintiff has suffered, and will continue to suffer, lost wages and fringe benefits, as

well as other consequential losses and damages.

47.     As a further result of the foregoing unlawful conduct of the Defendant, through its agents, servants and or employees, the Plaintiff has expended attorney's fees and costs in order to secure the right to which he is entitled.

48.     As a further result of the foregoing unlawful conduct of the Defendant, through its agents, servants and or employees, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

THE PLAINTIFF
DEREK OSEI-ASSIBEY

By: _____
Emanuele R. Cicchiello, Esq.
Cicchiello & Cicchiello LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No. 419987
Email: manny@cicchielloesq.com

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

| | | |
|---|---|---|
| RETURN DATE: DECEMBER 15, 2020 | : | SUPERIOR COURT |
| | : | |
| DEREK OSEI-ASSIBEY | : | J.D. OF HARTFORD |
| | : | |
| VS. | : | AT HARTFORD |
| | : | |
| THE STOP & SHOP SUPERMARKET | : | |
| COMPANY, LLC | : | NOVEMBER 19, 2020 |

## PRAYER FOR RELIEF

*Wherefore*, the Plaintiff requests that this Court assume jurisdiction over this matter and provide her with the following relief:

1.     Monetary damages;

2.     Back pay;

3.     Reinstatement of employment or front pay;

4.     Punitive damages;

5.     Compensatory damages;

6.     Reasonable attorney's fees and costs;

7.     Liquidated damages;

8.     Such other relief the Court deems just and reasonable.

THE PLAINTIFF
DEREK OSEI-ASSIBEY

By: _____
Emanuele R. Cicchiello, Esq.
Cicchiello & Cicchiello LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No. 419987
Email: manny@cicchielloesq.com

A TRUE COPY ATTEST

KEITH B. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

8

| | | |
|---|---|---|
| RETURN DATE:    DECEMBER 15, 2020 | : | SUPERIOR COURT |
| | : | |
| DEREK OSEI-ASSIBEY | : | J.D. OF HARTFORD |
| | : | |
| VS. | : | AT HARTFORD |
| | : | |
| THE STOP & SHOP SUPERMARKET | : | |
| COMPANY, LLC | : | NOVEMBER 19, 2020 |

## STATEMENT OF AMOUNT IN DEMAND

The Plaintiff herein certifies that the amount in demand is in excess of 15,000.00, exclusive of interest and costs.

THE PLAINTIFF
DEREK OSEI-ASSIBEY

By: _____

Emanuele R. Cicchiello, Esq.
Cicchiello & Cicchiello LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No. 419987
Email: manny@cicchielloesq.com

A TRUE COPY ATTEST

KEITH D. NIEZANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

# EXHIBIT A

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Dereck Osei-Assibey
**COMPLAINANT**

CHRO No. 2030606
EEOC No. 16A202001196

vs.

Stop & Shop
**RESPONDENT**

<u>RELEASE OF JURISDICTION</u>

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint.  The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides.  If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served.  Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

**DATE:**   November 3, 2020

*Tanya A. Hughes*
Tanya A. Hughes, Executive Director

Service:
Complainant:  Dereck Osei-Assibey - via manny@cicchielloesq.com
Complainant's attorney:  manny@cicchielloesq.com
Respondent:  Stop & Shop
Respondent's attorney:  rwaterman@retailbusinessservices.com

# Exhibit B

STATE OF CONNECTICUT:

                            : ss: HARTFORD         NOVEMBER 30, 2020

COUNTY OF HARTFORD  :

      Then and by virtue hereof, and by direction of the Plaintiff's Attorney, I left a verified true and attested copy of the original WRIT, SUMMONS, COMPLAINT, PRAYER FOR RELIEF, STATEMENT OF AMOUNT IN DEMAND AND EXHIBIT A RELEASE OF JURISDICTION, with and in the hands of DENEEN SEFIEL, ADMINISTRATOR FOR CORPORATION SERVICE COMPANY, 100 PEARL ST, 16TH FLOOR, AGENT FOR SERVICE for the within named defendant **THE STOP & SHOP SUPERMARKET COMPANY, LLC,** in the said town of HARTFORD, County of Hartford. PLEASE NOTE NEW ADDRESS.

      And also, on the 30TH day of NOVEMBER, 2020, I deposited in the Post Office at EAST HARTFORD, first class mail, a verified true and attested copy of original WRIT, SUMMONS, COMPLAINT, PRAYER FOR RELIEF, STATEMENT OF AMOUNT IN DEMAND AND EXHIBIT A RELEASE OF JURISDICTION, on behalf of the within named defendant **THE STOP & SHOP SUPERMARKET COMPANY, LLC,** addressed to:

                COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
                ATTN: LYDIA RODRIGUEZ, PARALEGAL
                450 COLUMBUD BLVD, SUITE 2
                HARTFORD, CT 06103

      The within is the original WRIT, SUMMONS, COMPLAINT, PRAYER FOR RELIEF, STATEMENT OF AMOUNT IN DEMAND AND EXHIBIT A RELEASE OF JURISDICTION, with my doings thereon endorsed.

|  |  |
|---|---|
| Verified pages | $26.00 |
| Endorsements | 3.60 |
| Service | 40.00 |
| Travel | 12.00 |
|  | ----------- |
| Total | $81.60 |

ATTEST

KEITH NIZIANKIEWICZ
CT STATE MARSHAL
HARTFORD COUNTY

**KEITH D. NIZIANKIEWICZ**
*CONNECTICUT STATE MARSHAL*
P.O. BOX 280867  •  EAST HARTFORD, CONNECTICUT  06128-0867  •  OFFICE: (860) 610-0295