UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DEREK OSEI-ASSIBEY,
 *Plaintiff*,

v.

THE STOP & SHOP SUPERMARKET
COMPANY LLC,
 *Defendant.*

No. 3:20-cv-1911 (VAB)

**RULING AND ORDER ON DEMAND FOR TRIAL BY JURY**

Derek Osei-Assibey ("Mr. Osei-Assibey" or "Plaintiff") has sued the Stop & Shop Supermarket Company LLC ("Stop & Shop" or "Defendant") for damages and other equitable relief arising under Connecticut General Statutes § 46a-60. Def.'s Notice of Removal, ECF No. 1 (Dec. 23, 2020). Specifically, Mr. Osei-Assibey is suing for "emotional and psychological pain and suffering." *Id.*

Stop & Shop moved for summary judgment on all claims alleged by Mr. Osei-Assibey. Mot. for Summ. J., ECF No. 26 (May 05, 2022). On March 31, 2023, the Court granted in part, and denied in part, Stop & Shop's motion for summary judgment. More specifically, the Court granted Stop & Shop's motion for summary judgment as to Mr. Osei-Assibey's disability discrimination claim but permitted the retaliation claim—consistent with the limitation set forth in that Order—to proceed to trial. *See* Order at 1, ECF No. 37. The Court thereafter set this case for trial for August 7, 2023, on the single claim of retaliation. *See* Order, ECF No. 38.

Mr. Osei-Assibey has now filed a demand for a jury trial in this case. *See* Pl.'s Demand for Trial by Jury, ECF No. 52 ("Trial by Jury Demand").

1

Stop and Shop has filed an objection to Mr. Osei-Assibey's Jury Demand. *See* Def.'s Objection to Pl.'s Demand for Trial by Jury, ECF No. 55 ("Objection").

For the reasons that follow, the demand for a jury trial is **DENIED**.

As a result, Mr. Osei-Assibey's case will be tried without a jury on **August 7, 2023**. The previously scheduled jury selection in this case is hereby **CANCELLED**.

Mr. Osei-Assibey is directed to submit proposed findings of fact and conclusions of law by **July 25, 2023.**

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The Court assumes the parties' familiarity with the factual and procedural background in this case and only refer to facts and events relevant to determining whether Mr. Osei-Assibey waived his right to trial by jury.

On June 29, 2023, Mr. Osei-Assibey filed his demand for a jury trial. *See* Trial by Jury Demand.

The next day, the parties filed their Joint Trial Memorandum. *See* Joint Trial Mem., ECF No. 53 ("JTM"). In their JTM, the parties disagreed whether this case should be tried by a jury. *Compare id.* at 2 ("Plaintiff has waived his right to a jury trial under Fed. R. Civ. P. 38 because his jury demand is untimely. Plaintiff did not serve Stop & Shop with a written jury demand until June 29, 2023."); *with id.* at 10–11 ("Plaintiff contends that he has not waived his right to a jury trial. . . . As of the time this Action was removed, no jury claim was required in light of Defendant having not responded in the underlying Superior Court claim. Moreover, as of this filing, Plaintiff has filed and served his demand for jury trial. Doc No. 52.").

On July 7, 2023, Stop & Shop filed an objection to Mr. Osei-Assibey's demand for trial by jury. *See* Objection. In its objection, Stop & Shop explained that Mr. Osei-Assibey did not

request a jury trial when he filed his action in State Court on November 30, 2020, and neither did he did request one after the case was removed to federal on December 23, 2020. *See id.* at 1.

## II. STANDARD OF REVIEW

To be entitled to a jury trial in federal court, a party must serve and file a jury demand. *See* Fed. R. Civ. P. 38(d). "Failure to serve a demand constitutes a waiver of that right." *Westchester Day Sch. v. Vill. of Mamaroneck*, 504 F.3d 338, 356 (2d Cir. 2007) (citing Fed. R. Civ. P. 38(d)). Rule 38(b) requires a written jury demand to be served "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). *See also Lucero v. Somich Deli, Inc.*, No. 15-CV-413 (PKC), 2016 WL 796853, at *2 (S.D.N.Y. Feb. 24, 2016) (explaining that "both Rules 38(d) and 39(b) provide that, by default, a party waives its right to a civil jury trial when it does not demand one, with Rule 39(b) permitting a party to move thereafter for a jury trial if it has failed to make a demand").

## III. DISCUSSION

### A. The Applicable Federal Rule

In a removed action, "[a] party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal." Fed. R. Civ. P. 81(c)(3)(A). If, unlike the Federal Rules of Civil Procedure 39(b), the state law governing the filing of the case "did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time." *Id.* Where an action was removed from state court before the plaintiff made a demand for a jury trial—and before the deadline to do has lapsed—Rule 38, and not Rule 81, applies. *See Cote v. United of Omaha Life Ins. Co.*, No. 3:14-CV-1644 (VAB), 2016 WL 868158, at *1 (D. Conn. Mar. 7, 2016) ("[Rule 38] applies to actions removed from state court." (citing Fed. R. Civ. P. 81(c)(1)));

3

*Ingredient Tech. Corp. v. Nay*, 532 F. Supp. 627, 633 (E.D.N.Y. 1982) (holding that where an "action was removed from State court before defendants served their answer and counterclaims, the provisions of Rule 38, and not Rule 81, govern the timeliness of the demand").

According to Stop & Shop, consistent with Federal Rules of Civil Procedure 38(b), Mr. Osei-Assibey's deadline to file his demand for a jury trial was "February 12, 2021," fourteen days after Stop & Shop filed its Answer on January 29, 2021. Objection at 2 (citing Fed. R. Civ. P. 38(b)). And because Mr. Osei-Assibey "has not provided any excuse for his exceedingly untimely demand," it argues, this Court should decline to exercise its discretion under Federal Rules of Civil Procedure 39(b) and not order a jury trial in this case. *Id.* at 3.

Mr. Osei-Assibey did not file a response to Stop & Shop's objection. In the parties' joint trial memorandum, Mr. Osei-Assibey suggests that Federal Rules of Civil Procedure 81(c), rather than Rule 38(b), governs this case. *See* JTM at 10. Under that Rule, he argues he did not waive his right to a trial by jury. *See id.* at 10–11 ("A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal." (quoting Fed. R. Civ. P. 81(c))). He adds that "[a]s of the time this Action was removed, no jury claim was required in light of Defendant having not responded in the underlying Superior Court claim." *Id.* at 10–11. In his view, "he has not waived his right to a jury trial" because he "served his demand for jury trial" to Stop & Shop on June 29, 2023. *Id.*

The Court disagrees.

Although Mr. Osei-Assibey suggests that Rule 81 is the applicable rule, the procedural history of this case makes clear that Rule 38 governs this action. For Rule 81 to govern, Mr. Osei-Assibey had to have demanded a jury trial in state court before this case's removal. The plain terms of the Rule 81(c)(3)(A) make this clear: "A party who, before removal, expressly

4

demanded a jury trial in accordance with state law need not renew the demand after removal." Under Connecticut law, where this action was initially filed, Mr. Osei-Assibey had to request a trial by jury. *See* Conn. Practice Book § 14-10 ("All claims of cases for the jury shall be made in writing, served on all other parties and filed with the clerk ['within thirty days after the return day.']") (quoting Conn. Gen. Stat. Ann. § 52-215); *see also* Conn. Gen. Stat. § 51-239b (stating that trial by jury "shall be deemed waived unless requested by either party in accordance with" the requirements outlined above).

Mr. Osei-Assibey all but concedes that he did not file a demand for jury trial in this case before its removal. *Cf.* JTM at 10–11 ("As of the time this Action was removed, no jury claim was required in light of Defendant having not responded in the underlying Superior Court claim."). Thus, this is not a case in which Stop & Shop is asking Mr. Smith to "renew the demand" for jury trial "after removal." Fed. R. Civ. P. 81(c)(3)(A). Indeed, Mr. Osei-Assibey's own submission demanding a jury trial makes clear that Rule 38(b) governs the jury demand in this case. *See* Jury Demand at 1 ("Plaintiff, Derek Osei-Assibey . . . pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands a jury trial.").

Accordingly, Rule 38(b), and not Rule 81(c), governs whether Mr. Osei-Assibey made a timely demand for trial by jury. The Court will therefore analyze his demand under that rule.

### B. A Demand for a Jury Trial under Rule 38(b)

Under Rule 38(b), Mr. Osei-Assibey had to make his demand for a jury "no later than 14 days after the last pleading directed to the issue is served," Fed. R. Civ. P. 38(b)(1), meaning fourteen days after Stop and Shop filed its Answer and Affirmative Defenses on January 29, 2021, *see* Defs.' Answer, ECF No. 16 (Jan. 29, 2021). Yet, Mr. Osei-Assibey only filed his demand on June 29, 2023, more than two years after this deadline. *See* Pl.'s Demand for Trial by

5

Jury, ECF. No. 52 (June 29, 2023). Notwithstanding this two-year delay, Mr. Osei-Assibey "contends that he has not waived his right to a jury trial." JTM at 10. He does not, however, cite any legal authority in support of his position that his untimely request for jury trial does not constitute waiver.

Rather, Mr. Osei-Assibey suggests that because his time to request a trial by jury in state court had not lapsed before Stop & Shop removed this case to federal Court, *see* Conn. Practice Book § 14-10 (requiring that "[a]ll claims of cases for the jury shall be made in writing, served on all other parties and filed with the clerk ['within thirty days after the return day.']" (quoting Conn. Gen. Stat. Ann. § 52-215)), he may submit his jury demand to Stop & Shop at any time before trial, regardless of how much has lapsed since Stop & Shop removed this case. Again, Mr. Osei-Assibey cites no legal authority for this proposition and the Court has found none. Interpreting Rules 38(b) to allow such an open-ended timeline for requesting a trial by jury would run counter to the express text of the Rule, which requires that a demand for trial by jury be made within "14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1).

While "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded," Fed. R. Civ. P. 39(b), the Second Circuit has held that "'[d]espite the discretionary language of Rule 39(b) some cause beyond mere inadvertence must be shown to permit granting an untimely demand.'" *Westchester Day Sch*, 504 F.3d at 356 (quoting *Higgins v. Boeing Co.*, 526 F.2d 1004, 1006 n.2 (2d Cir. 1975) (per curiam)). And "'the right to jury trial may be waived by conduct of the parties,'" *Abernathy v. EmblemHealth, Inc.*, No. 17 CIV. 7814 (KPF), 2020 WL 3578092, at *2 (S.D.N.Y. July 1, 2020) (quoting *Royal Am. Managers, Inc. v.*

*IRC Holding Corp.*, 885 F.2d 1011, 1018 (2d Cir. 1989)), including by failing to request a jury trial in an amended pleading.

In his filings in this case, Mr. Osei-Assibey has not identified any reason for his failure to timely demand a jury trial. *Cf.* JTM at 10–11 ("As of the time this Action was removed, no jury claim was required in light of Defendant having not responded in the underlying Superior Court claim. Moreover, as of this filing, Plaintiff has filed and served his demand for jury trial. Doc No. 52."). As a result, there is no reason to depart from the Second Circuit's instruction that a party's failure to timely demand a jury trial in the first place is not excusable absent "some cause beyond mere inadvertence." *Higgins*, 526 F.2d at 1006 n.2.

Accordingly, the Court will decline to exercise its discretion under Rule 39(b) to order a jury trial in this case. *See Chen v. Hunan Manor Enter., Inc.*, 340 F.R.D. 85, 91 (S.D.N.Y. 2022) (declining to exercise discretionary authority under Rule 39(b) to grant an untimely jury demand "[b]ecause this Court cannot conclude that anything beyond mere inadvertence was to blame for the original complaint's omission of a jury demand"); *Westchester Day Sch.*, 504 F.3d at 356 (holding that "it was not an abuse of discretion for the district court to deny" a demand for trial by jury "filed a year and a half after commencement of the suit"); *Townsend v. Clairol Inc.*, 26 F. App'x 75, 77 (2d Cir. 2002) (summary order) (affirming a district court's denial of a jury demand made "two years after that request for due"); *United States v. Jerico Precision Mfg. Corp.*, 205 F.3d 1325 (2d Cir. 2000) (summary order) (holding that a jury demand made 20 days after defendant filed his answer was untimely, and attorney offered no explanation for the failure to make timely demand).

### IV. CONCLUSION

For the reasons explained above, the demand for a jury trial is **DENIED**.

As a result, Mr. Osei-Assibey's case will be tried without a jury on **August 7, 2023**. The previously scheduled jury selection in this case is hereby **CANCELLED**.

Mr. Osei-Assibey is directed to submit proposed findings of fact and conclusions of law by **July 25, 2023.**

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of July, 2023.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge